James Larry HOOD, Plaintiff–
Appellant,

v.

KENTUCKY CABINET FOR FAMI-
LIES AND CHILDREN; Viola P. Mil-
ler; Tim Jackson; Dietra Paris; Ca-
thy Mobley; Teresa Suter; Stephen
Jones; Mark Rosen; Jeanne Baldwin,
Individually and in Their Official Ca-
pacities, Defendants–Appellees.

No. 04–6283.

United States Court of Appeals,
Sixth Circuit.

Nov. 8, 2005.

Jonathan Ray Spalding, Lebanon, KY,
for Plaintiff–Appellant.

Johann F. Herklotz, Cabinet for Health
and Family Services, Office of Legal Ser-
vices, Frankfort, KY, for Defendants–Ap-
pellees.

Before: BOGGS, Chief Judge, SUTTON,
Circuit Judge, and RICE,* District Judge.

## OPINION

PER CURIAM.

Appellant James Larry Hood ("Hood"),
a Caucasian male, worked for Appellee
Kentucky Cabinet for Families and Chil-
dren ("Cabinet") and its predecessor, from
1975 until July 31, 2002, when he retired

with full benefits. He brought this lawsuit
against the Cabinet and a number of its
employees, claiming that he had been dis-
criminated against on the basis of his race
and sex, by being denied a pay raise in
1999 and a promotion in 2001, and that he
had been the victim of retaliation for hav-
ing opposed Appellees' alleged discrimina-
tory practices and for having exercised his
rights under the First Amendment to criti-
cize the operations of the Cabinet. He set
forth claims of discrimination and retalia-
tion under Title VII of the Civil Rights Act
of 1964, 42 U.S.C. § 2000e, *et seq.,* and 42
U.S.C. §§ 1983 and 1985.

The district court granted summary
judgment to the Appellees, concluding that
the evidence failed to raise genuine issues
of material fact as to the elements of
Hood's prima facie cases of discrimination
and retaliation. Hood appeals, arguing
that the grant of summary judgment was
erroneous, because the evidence raised
such issues of material fact and the district
court erred in resolving factual disputes in
favor of the Appellees.

We review the grant of summary judg-
ment de novo. *Schweitzer v. Teamster
Local 100,* 413 F.3d 533, 536 (6th Cir.2005).
Summary judgment is appropriate "if the
pleadings, depositions, answers to inter-
rogatories, and admissions on file, together
with the affidavits, if any, show that there
is no genuine issue as to any material fact
and that the moving party is entitled to a
judgment as a matter of law." Fed.
R.Civ.P. 56(c).

Having had the benefit of oral argu-
ment, and having studied the record and
the briefs of the parties, we are not per-
suaded that the district court erred in
granting summary judgment to the Ap-
pellees. Given that the district court

---

* The Honorable Walter H. Rice, United States
  District Judge for the Southern District of
  Ohio, sitting by designation.

thoroughly and correctly articulated the reasons why the Appellees are entitled to summary judgment, the issuance of a detailed opinion by this Court would be superfluous and would serve no useful purpose. Accordingly, we affirm the judgment of the district court, based upon the reasoning set forth in its memorandum opinion filed on October 4, 2004.